**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LATASHA HARRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00765-O-BP** |
| | § | |
| **TRISTAR RISK MANAGEMENT,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On June 22, 2026, Plaintiff Latasha Harris, proceeding *pro se*, filed a complaint against Defendant Tristar Risk Management, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act ("FMLA"). ECF No. 1. Harris' case was referred to the undersigned by a standing order of reference under Special Order 3. ECF No. 3. After reviewing Harris' Complaint and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **TRANSFER** this case to the United Stated District Court for the Western District of Texas, Austin Division.

Title VII contains an express venue provision. Under this provision, venue for Title VII claims is proper for Title VII claims (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). The FMLA is governed by the general venue provision. *Lalla v. G&H Towing Co.*, No. SA-19-ca-0542-FB, 2019 WL 11626516, at *3 (W.D. Tex. July 26, 2019). Under that provision, venue for FMLA claims is proper in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975). Or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Here, Harris pleads that Tristar Risk Management violated Title VII and the FMLA through various unlawful employment practices. The district where a plaintiff such as Harris resides is irrelevant to the issue of where a suit is properly filed, though Harris asserts that she lives in Denton County. ECF No. 1 at 5. Denton County is within the Eastern District of Texas, Beaumont Division. *See* 28 U.S.C. § 124(c)(3).

As to the issue of the defendants' residence, Harris pleads that Defendant is in Travis County, Texas. ECF No. 1 at 6. Travis County is in the Western District of Texas, Austin Division. *See* 28 U.S.C. § 124(d)(1). Most importantly, Harris does not allege that any of the defendants reside in the Fort Worth Division of the Court.

Harris pleads no facts to demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated" in the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 1391(b)(2). Instead, her suit appears to challenge employment actions by her employer who resides in Travis County. ECF No. 1. Because Harris does not assert any facts to suggest a connection with a county within the Fort Worth Division of this Court, the Court concludes that he has not shown that venue is proper in this division.

Harris could bring her claim in the Northern District of Texas because it is a "judicial district in the State in which the unlawful employment practice is alleged to have been committed." *Jones v. Baptist Cmty. Services*, No. CV H-24-2416, 2024 WL 3277387, at *2 (S.D. Tex. July 2, 2024) (citing 42 U.S.C. § 2000e-5(f)(3)). But Harris pleads no additional contacts with the Northern District of Texas, and the undersigned discerns no connection with the Fort Worth Division of the Court. Accordingly, the undersigned **RECOMMENDS** that in the interest of justice, Chief United States District Judge Reed O'Connor **TRANSFER** this action to the Western District of Texas, Austin Division. 28 U.S.C. § 1404(a); *see also Hardwick*, 523 F.2d at n.2.

**SIGNED** on June 24, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE